IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ANDERSON, | No. 4:24-CV-01629 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| R. MILLER, | |
| Respondent. | |

**MEMORANDUM OPINION**

FEBRUARY 11, 2025

Petitioner Michael Anderson filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the United States Penitentiary Allenwood (USP Allenwood), in White Deer, Pennsylvania. He claims that the sanctions he received for a disciplinary infraction were excessively harsh. He also challenges the findings of the Discipline Hearing Officer. For the following reasons, the Court must dismiss Anderson's Section 2241 petition.

I.   **BACKGROUND**

Anderson is serving a 246-month sentence for—among other offenses—RICO conspiracy, murder in aid of racketeering, and conspiracy to distribute controlled substances imposed by the United States District Court for the Eastern District of Louisiana.[1]   On June 23, 2021, while incarcerated USP Allenwood,

---

1   Doc. 9-2.

Anderson was charged with Offense Code 104 – Possessing a Dangerous Weapon when, after a fight between Anderson and his cellmate, Anderson's cell was searched and officers found "a rolled up piece of paper with a screw fastened to one end" in the common area of the cell.[2] The Incident Report for this disciplinary infraction is # 3517449.[3]

During the Unit Discipline Committee hearing that followed the filing of the incident report, Anderson claimed that he was attacked and that the other inmate "had the weapon."[4] The Committee referred the matter to a Discipline Hearing Officer (DHO) due to the severity of the offense.[5]

A formal hearing with a DHO was held on July 19, 2021.[6] During the hearing, Anderson again asserted that he "didn't have a weapon" and that it "wasn't [his]."[7] On July 20, 2021, the DHO found that Anderson had committed the prohibited act of possessing a dangerous weapon, citing the incident report, the contraband and its chain of custody, and photographs of the homemade weapon.[8] The DHO imposed the following sanctions: disallowance of 21 days' good conduct

---

[2] Doc. 9-4 at 2, 4.
[3] *Id.* at 2.
[4] *Id.* at 3.
[5] *Id.*
[6] Doc. 9-5 at 2.
[7] *Id.*
[8] *Id.* at 3-4.

time, 60 days' disciplinary segregation, forfeiture of 365 days' non-vested good conduct time, and a monetary fine of $500.[9]

Anderson was also charged with a separate disciplinary offense for the physical altercation with his cellmate. Although the record is not well developed, it appears that Anderson was found to have committed the prohibited act of "Fighting, Code 201," as charged in Incident Report # 3517441.[10] On July 19, 2021, the DHO (possibly the same DHO who adjudicated Incident Report # 3517449) found Anderson had committed the Code 201 fighting offense.[11]

Anderson appealed the DHO's decision on Incident Report # 3517441 (Code 201 – Fighting) by filing Remedy 1094343-R1 with the Regional Director on August 11, 2021.[12] That filing was rejected because several pages of Anderson's appeal were not legible.[13] Anderson refiled his administrative remedy challenging the DHO's decision on Incident Report # 3517441 on September 30, 2021, identified as Remedy 1094343-R2.[14] That remedy was denied on the merits by the Regional Director on November 29, 2021.[15] In the denial's closing, Anderson was informed that he could appeal to final review with the General Counsel within 30

---

[9] *Id.* at 4.
[10] *See* Doc. 9-10 at 2.
[11] *See id.*
[12] *See* Doc. 9-3 at 43.
[13] *Id.*
[14] *Id.*; Doc. 9-10 at 2.
[15] Doc. 9-10 at 2.

days if he was dissatisfied with the Regional Director's response.[16]  No timely appeal to the General Counsel was filed.[17]

Over two years later, Anderson renewed his efforts to challenge the findings and sanctions by the DHO for the June 23, 2021 incident.  On October 5, 2023, Anderson filed an appeal to the Regional Director.[18]  That appeal, however, contained conflicting information.  On the BP-10 form itself, Anderson asserted that he was challenging the "harsh" and "excessive" sanctions ("365 days" of non-vested good conduct time and the "[$]500 fine") imposed by DHO Bittenbender for the Code 104 – Possessing a Dangerous Weapon offense, which corresponds with Incident Report # 3517449.[19]  Anderson also claimed that the implement found in his cell should have been classified as a "tool" rather than a weapon and thus subject to a less serious Offense Code classification.[20]  Finally, Anderson included an "attachment" to his BP-10 form, in which he asserted that he was challenging "Incident Rpt No 3517441" and raising several additional arguments regarding the propriety of his sanctions.[21]

Thus, the Regional Director was supplied with conflicting information regarding what DHO decision Anderson was attempting to appeal.  It appears that

---

[16]   *Id.*
[17]   *See generally* Doc. 9-3.
[18]   *See* Doc. 1-1 at 2-3.
[19]   *Id.* at 2.
[20]   *Id.*
[21]   *Id.* at 3.

the Regional Director interpreted Anderson's October 5, 2023 appeal as a challenge to the Code 201 decision involving Incident Report # 3517441 (the only incident report number provided by Anderson in his appeal).[22] That appeal was rejected as untimely.[23] Anderson attempted to file several additional appeals, but those appeals were likewise procedurally rejected by both the Regional Director and the General Counsel as untimely.[24]

Anderson then lodged the instant Section 2241 petition in this Court in September 2024.[25] Respondent timely filed a response,[26] and Anderson did not file a reply. Anderson's habeas petition is thus ripe for disposition.

## II. DISCUSSION

Respondent asserts that Anderson's petition must be dismissed because he failed to exhaust administrative remedies. Anderson has provided no counterargument to this failure-to-exhaust defense. Respondent additionally contends that Anderson's claims fail on the merits. The Court need only consider Respondent's initial argument because it is plainly evident that Anderson failed to exhaust administrative remedies.

---

[22] *See id.* at 1 (citing Incident Report # 3517441).
[23] *See id.*
[24] *See* Doc. 1-2 at 1; Doc. 1-3 at 1; Doc. 1-4 at 1-2; Doc. 9-3 at 47, 48, 50.
[25] *See* Doc. 1 at 4.
[26] Doc. 9.

5

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[27] Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[28]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[29] That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[30] In challenges to disciplinary proceedings before a DHO, the normal administrative process is modified slightly, and only requires an inmate to appeal the DHO's decision to the Regional Director and then to final review with the General Counsel.[31]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[32] Only in rare circumstances is exhaustion of

---

[27] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).
[28] *Moscato*, 98 F.3d at 761-62 (citations omitted)
[29] *See generally* 28 C.F.R. §§ 542.10-.19.
[30] *See id.* §§ 542.13-.15.
[31] *See id.* §§ 542.14(d)(2), 542.15.
[32] *See Moscato*, 98 F.3d at 761.

6

administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[33] Exhaustion is likewise excused when it would be futile.[34] "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[35]

In the instant habeas petition, Anderson is challenging the July 20, 2021 decision by the DHO with respect to the Code 104 – Possessing a Dangerous Weapon charge (related to Incident Report # 3517449).[36] He takes issue with the sanctions of 365 days' forfeiture of non-vested good conduct time and the $500 fine.[37] He also challenges the classification of the offense and alleges that he never possessed the weapon.[38]

The insurmountable problem for Anderson is that he never timely raised these issues in the administrative remedy process. The first and apparently only time he asserted these claims was on October 5, 2023 (in the BP-10 form), more than *two years* after his time for appeal had lapsed. Because Anderson never

---

[33] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

[34] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

[35] *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

[36] *See* Doc. 1 at 2, 7-8.

[37] *See id.*

[38] *Id.* at 6-7.

timely appealed the Code 104 decision and sanctions to the Regional Director or the General Counsel (or received a decision on the merits from either entity), he procedurally defaulted these claims.[39]  Anderson has not established cause and prejudice to excuse this default, so judicial review of his instant habeas claims is barred.[40]

### III. Conclusion

For the foregoing reasons, the Court must dismiss Anderson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[39] *See Moscato*, 98 F.3d at 760; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that administrative exhaustion requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)'" (citation omitted)).

[40] *See Moscato*, 98 F.3d at 761-62.